IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO G. RAMIREZ, JR.,

                Petitioner,

v.                                             ORDER

LIZZIE TEGELS,                        14-cv-802-jdp

                Respondent.

---

      Petitioner Antonio G. Ramirez, Jr., a state inmate confined at the Jackson Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ramirez challenges his March 9, 2001 conviction in the Circuit Court for Kenosha County of three counts of first-degree sexual assault of a child and one count of child enticement. Ramirez raises several claims concerning the use of out-of-court statements by his wife and the assault victim.

      I ordered the petition served upon the state. Dkt. 4. The state filed an answer, along with records of Ramirez's jury trial and subsequent postconviction and appellate proceedings. But this record was not complete. Ramirez filed a motion asking the court to direct the state to supplement the record with various documents, including portions of his *Knight* petition materials and postconviction motion materials, including hearing transcripts. Dkt. 15. The state responded, stating that it would submit the various documents mentioned by Ramirez and it has now done so. Accordingly, I will deny the motion as moot given the state's responses. Ramirez is free to renew his motion if he believes that the state's responses were incomplete, but for now it looks like that have fulfilled his request.

Ramirez has also filed a motion for appointment of counsel. As a civil habeas petitioner, Ramirez has no automatic right to court-appointed counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). But the court may appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 if the appointment of counsel would serve "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). From the financial materials Ramirez has submitted, I conclude that he is financially eligible for counsel.

When considering whether appointment would serve the interests of justice, courts consider whether the petitioner has attempted to obtain representation on his own and whether the difficulty of the case exceeds the petitioner's ability to litigate his claims himself. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). To determine a petitioner's competence to litigate his own case, the court considers his literacy, communication skills, education level, and litigation experience. *Pruitt*, 503 F.3d at 655.

Ramirez states that he contacted three attorneys and that they all turned him down (he provides two of the three letters and says he misplaced the third). This is sufficient to show that he has attempted to locate outside counsel.

But Ramirez has not shown that the case is too difficult for him to handle. Thus far he has been able to communicate effectively with the court. His petition and motions in this case are easy to understand. The next step is the substantive briefing of his claims. Ramirez needs to explain why he believes he should be granted habeas relief. In particular, it seems likely that Ramirez will need to show why he believes the state courts unreasonably concluded that *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply to his case. In

*Crawford*, the Supreme Court limited the ability of prosecutors to use out-of-court statements against criminal defendants. Should the briefing show that the case is one that would benefit from the appointment of counsel, I will reconsider my decision. But for now, Ramirez's motion is denied.

In the order below, I will set a schedule for briefing Ramirez's petition.

ORDER

IT IS ORDERED that:

1. Petitioner Antonio G. Ramirez, Jr.'s motion to direct the state to correct the habeas record, Dkt. 15, is DENIED as moot.

2. Petitioner's motion for appointment of counsel, Dkt. 16, is DENIED without prejudice.

3. Petitioner may have until April 17, 2017, to file his brief in support of his petition. Respondent may have until May 17, 2017, to file her brief in opposition. Petitioner may have until June 7, 2017, to file his reply.

Entered March 16, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge